UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOVOTNY CEDRIC SHANNON,

Plaintiff,

v.

PATRICIA A. CARUSO, et. al.,

Defendants,

_____/

CASE NO. 2:08-12164
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE
HONORABLE CHARLES E. BINDER
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Lovotny Cedric Shannon, ("plaintiff"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff seeks declaratory and injunctive against the defendants, the director of the Michigan Department of Corrections and members of the Michigan Parole Board, for allegedly wrongfully denying him parole. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

The proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in

question is situated; or (3) any defendant may be found if there is no other district in

which the plaintiff may bring the action. 28 U.S.C. § 1391(b).  Public officials "reside" in

the county where they serve. *See O'Neill v. Battisti,* 472 F. 2d 789, 791 (6th Cir. 1972).

In addition, for the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where the

action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d

803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a).  Venue of a lawsuit

may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v.*

*Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

In the present case, all of the defendants reside in Ingham County, which lies in

the Western District of Michigan.  The Michigan Parole Board's office is also in Ingham

County, Michigan.

In this case, plaintiff's action challenging the procedures that are used to

determine his parole eligibility will be transferred to the Western District of Michigan, in

light of the easier availability of witnesses and files to prosecute plaintiff's parole

eligibility claims in the Western District of Michigan. *See Crew v. U.S. Parole Bd.,* 424

F. Supp. 411, 413 (E.D. Pa. 1976).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to

the United States District Court for the Western District of Michigan pursuant to 28

U.S.C. § 1404(a).

**Dated:**  5/27/08

**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

2